# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01643-DOC-SK                  Date: September 20, 2024

Title: Robert C. Bowser v. Foundation Building Materials, LLC, et al.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Rolls Royce Paschal for Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE [15]**

      Before the Court is Defendant Foundation Building Material, LLC's ("Defendant") Motion to Dismiss, or, in the alternative, Motion for Transfer ("Motion") to the Middle District of Tennessee. (Dkt. 15). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the briefing by the parties, the Court **GRANTS** the Motion and hereby **TRANSFERS** this case to the United States District Court for the Middle District of Tennessee.

## I.    BACKGROUND

### A.    Facts

      Plaintiff, Robert C. Bowser ("Plaintiff"), is an employee of Defendant, and Plaintiff resides in Tennessee. Complaint ("Compl.") (Dkt. 1-1) ¶ 7. Plaintiff was an employee of A&D Supply of Nashville, LLC ("A&D"). Compl. ¶ 2. A&D was a limited liability company in Oklahoma, and substantially all of their assets were purchased by Defendant on October 2, 2023. Compl. ¶ 2. Defendant is a limited liability company in California but conducts business in all fifty states, and Canada. Compl. ¶ 1. The purchase

of substantially all of A&D's assets by Defendant resulted in Plaintiff becoming an employee of Defendant. Compl. ¶ 4.

Plaintiff entered into an Employment Agreement ("Agreement") once Plaintiff accepted full-time employment with Defendant. Compl. ¶ 18. The Agreement included a choice of law provision: "This Agreement shall be construed and enforced under and be governed in all respects by the laws of the State of Tennessee, without regard to the conflict of laws principles thereof." Compl. Ex. 1, at 11.

Plaintiff was offered employment by Ironline Metals, LLC ("Ironline"). Compl. ¶ 24. Ironline is a limited liability company in Delaware. Compl. ¶ 5. Plaintiff now wants to accept the offer of employment from Ironline but alleges that he cannot do so due to a Covenant Not to Compete and Non-solicitation Covenants in his Agreement with Defendant. Compl. ¶ 25.

In this suit, Plaintiff alleges that the Covenant Not to Compete "serves to restrain trade and thus constitute[s] an unlawful restraint on trade in violation of California Business and Professions Code sections 16600 and 16600.1…" Compl. ¶ 28. He further alleges that the Non-solicitation Covenants constitute an unlawful restraint on trade in violation of the same California Business and Professions Code sections because they are "overly broad and serve to restrain employees from practicing their chosen profession." Compl. ¶ 29. Plaintiff additionally alleges that Defendant has engaged in "unfair and unlawful business acts and practices as defined in California Business & Professions Code sections 17200 *et seq*." Compl. ¶ 36.

  **B.**  **Procedural History**

Plaintiff filed this action in California Superior Court on July 22, 2024. *See generally* Compl. The Defendant removed the action to this Court on July 26, 2024. Notice of Removal (Dkt. 1). Defendant filed the present Motion to Dismiss Case as Frivolous, Motion to Dismiss Case, or in the Alternative, Transfer Venue, on August 12, 2024. On August 19, 2024, Plaintiff filed an Opposition to the Motion to Dismiss. (Dkt. 27). Subsequently, Plaintiff filed a Motion for Preliminary Injunction on August 23, 2024. (Dkt. 30). Defendant filed a Reply in Support of the Motion to Dismiss on August 26, 2024. (Dkt. 31). Defendant filed an Opposition to the Motion for Preliminary Injunction on August 30, 2024. (Dkt. 31). On September 9, 2024, Plaintiff filed a Reply in support of their Motion for Preliminary Injunction. (Dkt. 35).

## II.     LEGAL STANDARD

Defendant requests a transfer of venue pursuant to 28 U.S.C. § 1404(a). "A district court may transfer any civil action to any other district or division where it might have been brought or to any district or division" if such a transfer is convenient to the parties and witnesses. 28 U.S.C. § 1404(a). A motion for transfer lies within the broad discretion of the district court and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). A district court has discretion to transfer a civil action "for the convenience of parties and witnesses, in the interest of justice" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under section 1404(a), two findings are required for proper transfer: (1) the transferee district court is one where the action might have been brought, and (2) the convenience of the parties and witnesses and the interest of justice favor transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).

The Court "considers both public factors which go to the interests of justice and private factors, which go to the convenience of the parties and witnesses," to determine whether the convenience of parties and witnesses in the interest of justice favor transfer. *Brackett v. Hilton Hotels Corp.*, 619 F. Supp. 2d 810, 820 (N.D. Cal. 2008) (citing *Van Dusen*, 376 U.S. at 616).

A court may consider multiple private factors in determining whether the interests of justice favor transfer, including: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof," in addition to the relevant public policy of the forum state. *Jones*, 211 F.3d at 498–99. The moving party bears the burden of demonstrating that transfer is appropriate. *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

District courts have broad discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration, *Jones*, 211 F.3d at 498, and must undertake a "flexible and individualized analysis" of relevant factors, *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

## III.   DISCUSSION

Defendant moves to dismiss Plaintiff's claims or transfer venue. Finding that this case is more properly litigated in Tennessee, the Court only addresses Defendant's Motion to Transfer.

### A.   Whether Suit Might Have Been Brought in the Middle District of Tennessee

Transfer is only appropriate to a district where personal jurisdiction, diversity jurisdiction and proper venue are maintained. *Metz*, 674 F. Supp. 2d at 1145. Defendant has already removed this action to federal court based upon diversity jurisdiction. Not. of Removal. (Dkt. 1). Defendant is subject to personal jurisdiction in the Middle District of Tennessee because it conducts significant business there and employed Plaintiff there. Diversity jurisdiction would also be maintained in the Middle District of Tennessee.

Under 28 U.S.C. §1391(b), venue is generally allowed for "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject to the action is situated." 28 U.S.C §1391(b). An entity is deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction. 28 U.S.C §1391(c)(2). Thus, because Defendant is subject to personal jurisdiction in the Middle District of Tennessee, venue is also proper there.

The Court accordingly finds that this action could have been brought in the Middle District of Tennessee.

### B.   Whether Convenience and the Interest of Justice Favor Transfer

Considering both public and private factors, the Court finds that the significant contacts with Tennessee related to this action including the Plaintiff's residence and employment there and the application of Tennessee law to the Agreement weigh in favor of transfer.

### 1. Location Where the Relevant Agreements were Negotiated and Executed

Defendant is a California limited liability company. Compl. ¶ 1. Plaintiff lives and resides in Tennessee. Compl. ¶ 7. Plaintiff began employment with Defendant in Tennessee around October 2, 2023. Compl. ¶ 15-16. Plaintiff entered into an Employment Agreement with Defendant after Defendant purchased substantially all of Plaintiff's prior employer A&D's assets. *Id*.; *see generally* Ex. 1. The Employment Agreement states that "the Employee shall serve as the Nashville Sales Manager, reporting to Regional Vice President of the Southeast, Sales of the Company." *Id*. Ex. 1, at 14. In addition, the Employment Agreement included a choice-of-law provision granting Tennessee law as the governing law for the Agreement. *Id*. Ex. 1, at 24. Plaintiff states that the Defendant's "California based president and CEO electronically signed the Agreement," arguing it was electronically signed in California. Opp'n at 29. (Dkt. 27). However, Plaintiff also electronically signed the Agreement, presumably while in Tennessee. Compl. Ex. 1, at 28. Plaintiff then worked as the Nashville Sales Manager for Defendant and oversaw branches in Nashville and Murfreesboro, Tennessee. Mot. at 3.

Based upon the Employment Agreement, Plaintiff's residence, and Plaintiff's subsequent employment, the relevant Employment Agreement was negotiated and executed in Tennessee.

### 2. State Most Familiar with the Governing Law

The Employment Agreement provides for the laws of Tennessee to govern the Agreement. Compl. Ex. 1, at 24. A federal court in Tennessee would be most familiar with the law governing the Agreement—Tennessee law. This remains true even though all of Plaintiff's claims involve violations of the California Business and Professions Code, i.e., § 16600, 16600.1, 16600.5, and 17200.

### 3. Plaintiff's Choice of Forum

Although the Plaintiff's choice is ordinarily given great deference, it is entitled to less deference if the Defendant establishes one or more of the following factors:

> (1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is

not the primary residence of either the plaintiff or defendant; or (4) the
subject matter of the litigation is not substantially connected to the forum.

*Metz*, 674 F. Supp. 2d at 1146 (quoting *Catch Curve, Inc.*, 2006 WL 4568799 at *4); *see also Pfeiffer v. Himax Techs., Inc.*, 530 F. Supp. 2d 1121, 1124 (C.D. Cal. 2008) (holding that plaintiff's choice of forum is not entitled to deference "when plaintiffs do not reside in the district, the operative facts have not occurred within the forum, the forum has no particular interest in the action, and plaintiffs are seeking to bring a class action").

Plaintiff's choice of forum is entitled to less deference here. First, the operative facts giving rise to this action did not occur in the Central District of California. Rather, all relevant facts occurred within Tennessee. Plaintiff entered into an Employment Agreement with Defendant, while residing in Tennessee, with his employment to commence in Tennessee. In addition, the "Agreement Not to Compete" clause restricts Plaintiff's employment with competitors "within 50 miles of the branch(es) of the Company that Employee oversees or engages in a would be Competitive Business…" Compl. ¶ 21. This indicates a 50-mile radius from the branches Plaintiff managed *in Tennessee*.

Moreover, this District has no particular interest in the parties because Plaintiff is a resident of Tennessee, his relevant employment occurred in Tennessee, and he plans to continue to live and work in Tennessee. This District is not the primary residence of Plaintiff, as he has been, and remains, a resident of Tennessee. The subject matter of the litigation is not substantially connected to California. The litigation revolves around Plaintiff's Employment Agreement and the restrictive covenants therein as they relate to employment in Tennessee.

Thus, the Court finds that Plaintiff's choice to litigate in California is entitled to less deference.

### 4. Respective Parties' Contacts with the Forum; Contacts Relating to Plaintiff's Cause of Action in the Chosen Forum

Defendant is a California limited liability company. Compl. ¶ 1. But, Defendant purchased A&D which operated in Tennessee and employed Plaintiff prior to Defendant. Defendant's purchase of A&D is the source of Plaintiff's employment with Defendant in Tennessee. Compl. ¶ 16. Defendant had three facilities throughout Tennessee that it managed. Mot. at 14. Defendant does significant business in Tennessee. In contrast,

Plaintiff cannot point to any contacts he has with the state of California. While Defendant has extensive contacts with California, none of Defendant's contacts with California directly relate to Plaintiff's employment.

The Court finds that Plaintiff's contacts with Tennessee and Defendant's business in Tennessee related to this action outweigh the fact that Defendant is a California company.

### 5. Differences in Costs of Litigation of the Two Forums

Defendant argues that litigation will be less costly for Plaintiff if litigated in Tennessee. Mot. at 14. Plaintiff resides in Tennessee and Defendant highlights that his attorneys are located in Kentucky, "175 miles from the Nashville – District Headquarters for the Middle District of Tennessee…" *Id.* Plaintiff asserts that Defendant's costs "are presumably lower in its home forum, and certainly lower than Bowser's there." Opp'n at 30.

On balance, the Court finds that cost of litigation is not a compelling consideration as one side will face higher costs in either forum.

### 6. Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses; Convenience of Witnesses

Convenience of the witnesses "is often the most important factor in a § 1404(a) transfer motion." *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1195 (S.D. Cal. 2007) (citing *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981)). However, "[t]ransfer is inappropriate where it 'would merely shift rather than eliminate the inconvenience.'" *Costco Wholesale Corp.*, 472 F. Supp. 2d at 1195 (quoting *Decker Coal*, 805 F.2d at 843). The Court "consider[s] not simply how many witnesses each side has and the location of each, but also the importance of the witnesses." *Id.* (citations omitted).

Defendant does not provide a list of expected witnesses that would be more difficult to produce if litigation were to occur in California. However, Defendant has identified Plaintiff's new employer, Ironline, as an important witness that is located in the Middle District of Tennessee. Mot. at 14. Defendant foresees two witnesses that will need to testify who are located in Florida, but regularly do business in Tennessee. Mot. at 15.

In addition, Plaintiff is located in Tennessee, making litigation more convenient for Plaintiff in Tennessee, rather than California. Plaintiff argues that he will have similar difficulty compelling attendance of Defendant's CEO and other relevant Defendant witnesses. Opp'n. at 30. Defendant, however, is a party to this action and is requesting transfer.

The Court finds that ability to compel witnesses and the convenience of witnesses is a neutral factor.

### C.   Relevant Public Policy of the Forum State

Plaintiff heavily relies on California's public policy against the inclusion of restrictive covenants, like non-compete clauses, in employment contracts. However, language in the preamble to California Senate Bill 699, which enacted California Business and Professions Code § 16600.5, states:

> "(e) The California courts have been clear that California's public policy against restraint of trade law trumps other state laws when an employee seeks employment in California, even if the employee had signed the contractual restraint while living outside of California and working for a non-California employer.
>
> (f) California has a strong interest in protecting the freedom of movement of persons whom California-based employers wish to employ to provide services in California, regardless of the person's state of residence."

California Senate Bill No. 699, 2023-2024 Regular Session.

Plaintiff lives and works in Tennessee. He does not provide services in California and does not seek employment in California. Plaintiff is not prohibited by the Agreement from seeking employment in California. Thus, it is less than clear that the California Legislature's recent prohibition against non-compete clauses applies to Plaintiff's Agreement. Moreover, Tennessee courts have a strong interest in adjudicating employment contracts for services in Tennessee by Tennessee residents.

### IV.   DISPOSITION

For the reasons set forth above, the Court **GRANTS** Defendant's Motion and **TRANSFERS** this case to the United States District Court for the Middle District of Tennessee. The hearing scheduled for September 23, 2024 is **VACATED.**

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11 | Initials of Deputy Clerk: kdu

CIVIL-GEN